IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EGYPT MUSLISMAH LOVE a/k/a
Geneva Ronda Stone,

               Plaintiff,

v.

SGT. PALMER, DR. SMITH,
INVESTIGATOR DUANE L.
HIERS, JR., and SHERIFF
VIKTOR HILL,

               Defendants.

1:14-cv-1351-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Non-Final Report and Recommendation ("R&R") [10], following his review of Plaintiff Egypt Muslismah Love a/k/a Geneva Ronda Stone's ("Plaintiff") "Civil Rights Claim" [1], Amended Complaint [3], and "Motion to Add Defendants to Complaint" ("Motion") [7] pursuant to 28 U.S.C. § 1915A.[1] Also before the Court are Plaintiff's Objections [13] to the R&R.

---

[1] Plaintiff, proceeding *pro se*, has filed several documents. Plaintiff asserts various claims in her "Civil Rights Claim," Amended Complaint, and Motion. In light of her *pro se* status, the Court construes each of these documents together and as a whole.

## I.     BACKGROUND

### A.     Procedural History

On May 5, 2014, Plaintiff filed a handwritten document entitled "Civil Rights Claim," which was docketed as Plaintiff's civil rights action pursuant to 42 U.S.C. § 1983.

On May 12, 2014, the Court ordered Plaintiff to file an amended complaint to supplement her "Civil Rights Claim." Plaintiff filed her Amended Complaint on May 22, 2014, asserting civil rights claims against Clayton County Jail Personnel; Clayton County Jail; Clayton County Sheriff's Office; Sheriff Viktor Hill, in his individual and official capacity ("Sheriff Hill"); and Sergeant Palmer, in his individual and official capacity ("Sgt. Palmer").[2]

On July 22, 2014, Plaintiff filed her Motion, which the Court granted on July 29, 2014. In her Motion, Plaintiff asserts civil rights claims against Dr. Smith, Sheriff Hill, and Investigator Duane L. Hiers, Jr. ("Hiers").

On June 26, 2014, Magistrate Judge Anand granted Plaintiff leave to proceed *in forma pauperis*.

---

[2]     On July 29, 2014, the Court granted Plaintiff's Motion to dismiss Defendants Clayton County Jail Personnel, Clayton County Jail, and Clayton County Sheriff's Office from this action. (See [6, 7]).

2

On October 14, 2014, the Magistrate Judge issued his R&R and recommended that Plaintiff's claims against Sgt. Palmer for excessive force, Investigator Hiers for false arrest, and Dr. Smith for deliberate indifference, be allowed to proceed; and that Plaintiff's remaining claim against Sheriff Hill, challenging the conditions of her confinement, be dismissed without prejudice, with leave to amend that claim.

On October 28, 2014, Plaintiff filed her "Corrections to be [M]ade to the [E]rrors in the Magistrate Judge's Non-Final Report and Recommendation" [13], a two-page document in which Plaintiff asserts five (5) "corrections" to the R&R's factual summary. Plaintiff's corrections are not supported by the allegations in her complaints, and, even if true, the claimed errors in the R&R are not material to the frivolity review of Plaintiff's allegations.

On October 28, 2014, and November 3, 2014, Plaintiff filed amended complaints [14, 15] amending her claims against Sheriff Hill.

B.   Factual Allegations

Plaintiff bases her claims on multiple incidents surrounding her arrest and arrival at the Clayton County Jail.[3]   Plaintiff alleges that she was severely beaten,

---

[3]   The Court notes that Plaintiff filed her Complaint while she was incarcerated at Douglas County Jail for matters that are unrelated to any of the incidents Plaintiff alleges occurred at Clayton County Jail. She has since been released from

3

kicked, and choked by Sgt. Palmer and other officers upon her arrival at the Clayton County Jail.  (See [1] at 1-2).  While she was being fingerprinted at the Clayton County Jail, Plaintiff alleges that she "express[ed] [her] uneasiness on the current injury too [sic] [her] skull, and palm, from the arresting officer slamming [her] head on his car door, and the hand cuffs was [sic] not secured causing [her] hand to loss [sic] color and circulation."  (Id. at 1).  Plaintiff alleges that Sgt. Palmer "yank[ed] her right arm with accessive [sic] force, "punch[ed] [her] on the side of [her] face and ear, causing ringing and hearing lost [sic] to [her] right ear."  (Id.).  He also bent her fingers until she "felt a pop," and that "[o]ne of the search team officers put his arm around [her] neck and began choking [her] until [she] passed out."  (Id. at 1-2).

When Plaintiff was placed into a cell at Clayton County Jail with two other inmates, they allegedly told her that she "had blood flowing down [her] back" and questioned whether her arm was broken.  (Id. at 2-3).  Plaintiff alleges that Sgt. Palmer took her to see a nurse, but that she did not receive any medical treatment. Plaintiff asserts that the nurse instead told her that she was "really crazy" and wrote her up as a mental health patient.  (Id. at 3).  Plaintiff alleges that she was

---

Clayton County Jail and Douglas County Jail.  See http://50.192.56.69/smartwebclient/ (last viewed on June 1, 2015; search for Released Inmates Only: Geneva Ronda Stone).

taken to a cell in the medical unit, where she was "house[d] there for 3 to 4 months, and only given 30 minutes out of the cell every other day for free time or showers." (Id.) While in the medical unit, Plaintiff alleges that she was forced to eat and sleep with raw sewage on the floor and that she also "suffered a miscarriage." (Id.).

Despite Plaintiff's repeated requests for medical attention, she claims that Dr. Smith refused to offer any medical relief unless Plaintiff offered a urine sample. (See [7] at 2). Plaintiff asserts that she was denied proper medical treatment such as "blood work, [an] ultrasound, x-ray, or a physical examination" and the urine sample that Dr. Smith requested "simply cannot treat or diagnose physical injurys [sic] such as fractures, sprains, bruises, open wounds, strains, muscular contraception, hearing loss, excessive backaches, and joint pain." (Id. at 3). She also alleges that Dr. Smith deliberately ignored her requests for medical treatment. (See id. at 2-3) Because Plaintiff was denied proper medical care by Dr. Smith, she asserts, she became very sick, which was the result of "being poison[ed] by the food." (Id.).

Plaintiff also alleges that Sheriff Hill is responsible for "making his Jail hands on." (See [3] at 3). Sheriff Hill told Plaintiff that "once you become an inmate you lose all rights. We can put hands on you as we so choose at any giving

time, if your [sic] right or wrong." (Id.). Plaintiff also asserts that when Sheriff Hill or unnamed employees of the Clayton County Jail "search team" were present, they forced the inmates to stand with their noses touching the wall and that a slight violation of Sheriff Hill's or the "search team's" rules would cause the search team to throw the inmates onto the floor and "throw[] everything out of the cell, breaking commissary items and rip[p]ing legal mail up, along with pictures, while yelling." (Id.). Sheriff Hill and the "search team" made the inmates sit on the floor with their "legs crossed for hours" and required them to keep their arms behind their backs while taking the stairs.

In her false arrest claim against Hiers, Plaintiff alleges that Hiers arrested her on May 23, 2013, without probable cause or a warrant, "out of personal spite," and a desire for retaliation. (R&R at 6). According to Plaintiff, Hiers did not have a warrant for her arrest because it did not list her "legal name, which is Egypt Muslismah Love" and wrongfully accused her of having a false license. (Mot. at 4-5). After her arrest, Plaintiff asserts that Sheriff Hill held her "around about 6 months on a bench warrant," without a court appearance and without bond being set. (R&R at 6; Mot. at 4). In October 2013, all charges for which Hiers arrested Plaintiff were dismissed, which Plaintiff asserts "is how the bench warrant was cleared, [and] [t]here [were] around about 30 charge[s] and [she] was facing 90 to

6

100 years in prison.  For crimes that never occurd [sic]." (<u>Id.</u>).  Plaintiff alleges further that Sheriff Hill "allowed her home to be destroyed" during her arrest and acknowledges that he had a "warrant to gain entry to [her] home." (<u>Id.</u> at 5).

Plaintiff claims that Sgt. Palmer and the "officers" caused her physical and mental harm and seeks $44 million in damages.

## II. DISCUSSION

### A. <u>Legal Standard</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  "It is critical that the objection be sufficiently specific and not a general objection to the report." <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006).  With respect to those findings and recommendations to which a party has not asserted specific objections, the Court must conduct a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1050 (1984).

Plaintiff does not state any specific objections to the findings in the R&R, and instead requests that the Court make five (5) immaterial corrections to the factual findings of the R&R.  Thus, the Court reviews the R&R for plain error.

B.    Analysis

The Court has reviewed the record in this case and, finding no plain error, adopts the findings and recommendations in the R&R.  The Magistrate Judge found, and the Court agrees, that Plaintiff's allegations (1) that she was "beaten wantonly by Sgt. Palmer and other unnamed officers at the Clayton County Jail," suffered severe injuries to her arm, including her "face, ear, hand, arms, head, chest, side, feet, toes, [and] legs" and suffered a miscarriage as the result of the beating are sufficient to allow her excessive force claim against Sgt. Palmer to proceed; (2) that Hiers arrested her without probable cause or a warrant and that the charges brought against her by Investigator Hiers were later dismissed are sufficient, albeit barely, to allow her false arrest claim against Hiers to proceed; and (3) that Dr. Smith neglected her medical needs by ignoring her requests for medical attention while she experienced severe pain and an alleged miscarriage are sufficient to allow her deliberate indifference claim against Dr. Smith to proceed.

The Court agrees further that Plaintiff's remaining claims against Sheriff Hill should be dismissed without prejudice.  Plaintiff's allegations that Sheriff Hill

and unnamed members of the Clayton County Jail "search team" violated her constitutional rights because they adopted a "hands on" policy and that she had to eat and sleep in a cell flooded with raw sewage, do not sufficiently allege a causal connection between the actions or inactions of Sheriff Hill, and the alleged extreme prison conditions, that are necessary to state a plausible Eighth Amendment claim. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003); see also Smith v. Sec'y for the Dep't of Corr., 252 F. App'x 301, 303 (11th Cir. 2007).  The Court agrees with the Magistrate Judge's finding that Plaintiff could allege facts to support a claim against Sheriff Hill, and Plaintiff is granted leave to amend her claims against Sheriff Hill.[4]

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Objections [13] are overruled and Magistrate Judge Justin S. Anand's Non-Final R&R [10] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's false arrest claims against Investigator Hiers, her excessive force claims against Sgt. Palmer, and her medical deliberate indifference claims against Dr. Smith are allowed to proceed.

---

[4]    The Court notes that, on October 28, 2014, and November 3, 2014, Plaintiff amended her complaint [14, 15] to include additional allegations regarding her claims against Sheriff Hill.

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims against Sheriff Hill are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 1st day of June, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE