IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EGYPT MUSLISMAH LOVE a/k/a
Geneva Ronda Stone,

    Plaintiff,

v.

SGT. PALMER, DR. SMITH,
INVESTIGATOR DUANE L.
HIERS, JR., and SHERIFF
VICKTOR HILL,

    Defendants.

1:14-cv-1351-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Non-Final Report and Recommendation [21] ("Non-Final R&R") and his Final Report and Recommendation [25] ("Final R&R"). The Final R&R recommends that this action be dismissed without prejudice for Plaintiff Egypt Muslismah Love a/k/a Geneva Ronda Stone's ("Plaintiff") failure to comply with a lawful order of the Court, and for Plaintiff's failure to keep the Clerk's office informed of her current address.

I.   **BACKGROUND**

On June 12, 2015, the Magistrate Judge ordered Plaintiff, who proceeds *pro se*, to either pay the required filing fees or file a financial affidavit seeking leave to proceed *in forma pauperis*.  ([21] ("June Order") at 2).[1]  The Magistrate Judge also ordered Plaintiff, within twenty (20) days, to file a consolidated complaint and to complete and return service forms for the four named defendants.  (Id. at 20-21).  The Magistrate Judge warned Plaintiff that failure to comply with the order, or failure to keep the Court informed of her address, could result in the dismissal of this action.  (Id. at 21, 23).

On July 20, 2015, the Magistrate Judge found that Plaintiff had not complied with the June Order and ordered her, within ten (10) days, to comply or to show cause why this case should not be dismissed.  ([23] ("July Order")).  Plaintiff failed to comply or respond within the ten (10) day period.  The July Order was mailed to Plaintiff at her address of record, and, on July 27, 2015, was returned as undeliverable.  ([24]).  According to the Postal Service's notation, Plaintiff "moved and left no forwarding address."  (Id.).

On July 31, 2015, the Final R&R was issued.  It recommends that this action

---

[1]   Docket entry 21 includes both the Magistrate Judge's Non-Final R&R and his order.

be dismissed without prejudice pursuant to Local Rules 41.3(A)(2) and 41.2(B) because Plaintiff failed (i) to comply with the Court's June and July Orders and (ii) to keep the Clerk's office informed of her address.  See LR 41.3(A)(2), NDGa; LR 41.2(B), NDGa.

## II.     DISCUSSION

### A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  Plaintiff did not object to the Final R&R, and the Court thus reviews it for plain error.

B.     Analysis

Local Rule 41.3 provides that a court "may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . fail[s] or refuse[s] to obey a lawful order of the court in the case."  LR 41.3(A)(2), NDGa.  Plaintiff did not comply with the Court's June and July Orders.[2]

The Local Rules also provide that a *pro se* party's failure to "keep the clerk's office informed of any change in address . . . which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice."  LR 41.2(B), NDGa.  Plaintiff failed to timely notify the Court of her address change,[3] and this prevented her from receiving a mailed copy of the Court's July Order.  Plaintiff's failure to

---

[2]     On August 25, 2015, Plaintiff filed an additional complaint [28] and an amended complaint [29], but neither complaint was filed within the time period prescribed by the June and July Orders; neither complaint includes the content required by those orders; and neither complaint explains Plaintiff's failure to comply with the orders.

[3]     As indicated above, Plaintiff appears to have changed address by at least late July 2015.  (See [24]).  Plaintiff lists her new address in the August 25, 2015, complaints and in a handwritten letter [30] filed on August 25, 2015, concerning "monetary settlement relief."  On January 22, 2016, she filed a handwritten letter [31] that purports to provide formal notice of her new address.

obey an order of the Court and to keep the Court advised of her current address requires this action to be dismissed.[4]

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [25] is **ADOPTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Magistrate Judge Justin S. Anand's Non-Final Report and Recommendation [21] is **MOOT**.

**SO ORDERED** this 14th day of April, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[4]  Because the Court adopts the Magistrate Judge's Final R&R, the Court deems moot the Magistrate Judge's Non-Final R&R.